**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-20056-CM |
| ) | |
| KYLE FALKNER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On May 8, 2013, the Grand Jury returned a true bill which charged the defendant and three co-defendants in a one-count Indictment (Doc. 30). Count 1 charged the defendants with conspiracy to distribute and possession with intent to distribute more than 50 grams of methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846, and 18 U.S.C. § 2. The jury trial in this matter commenced on December 2, 2013. On December 5, 2013, the jury returned a guilty verdict on the Indictment's sole count. This matter comes before the court on defendant's Motion for Judgment of Acquittal and/or New Trial (Doc. 95).

Defendant requests relief on four different grounds:

1. the court erred in giving Instruction Number 15, aiding and abetting;
2. there was insufficient evidence of defendant's participation in the conspiracy alleged by the government;
3. the court erred in its response to question one presented by the jury; and
4. the accumulation of error should result in the court's granting a judgment of acquittal and/or new trial.

In reviewing a motion for judgment of acquittal, the court views the evidence in the light most favorable to the government. *United States v. Hughes*, 191 F.3d 1317, 1321 (10th Cir. 1999) (citation omitted). The court must grant a motion for judgment of acquittal when the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). On the other hand, the court must uphold the jury's guilty verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001) (citation and quotation marks omitted). The court considers both direct and circumstantial evidence, plus reasonable inferences drawn from that evidence. *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993) (citation omitted).

In considering a motion for new trial, the court has broad discretion. *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987) (citation omitted). The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal. Federal Rule of Criminal Procedure 33 provides that a court may grant a new trial "if the interest of justice so requires." Additionally, any error that would require reversal may justify a new trial. *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000) (citation and quotation marks omitted). The court may weigh the evidence and assess witness credibility. *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999) (citation omitted). A new trial is warranted if, "after weighing the evidence and the credibility of the witnesses, the court determines that 'the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred.'" *United States v. Gabaldon*, 91 F.3d 91, 93-94 (10th Cir. 1996) (quoting *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994)). But courts disfavor new trials, *United States v. Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969) (citation omitted), and exercise great caution in granting them, *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997) (citation omitted).

With these standards in mind, the court now turns to defendant's arguments.

**A. Instruction Number 15**

Instruction No. 15 instructed the jury that defendant could be found guilty of aiding and abetting the alleged single overall conspiracy. Defendant argues that he was not given sufficient notice of the additional charge of aiding and abetting; the instruction violated his constitutional rights in lowering the government's burden of proof; the instruction was confusing and misleading; and there was insufficient evidence to show he aided and abetted the alleged conspiracy.

**1. Unfair Surprise**

The Indictment charged defendant with conspiracy pursuant to 21 U.S.C § 846 and aiding and abetting pursuant to 18 U.S.C. § 2. Defendant contends he was given insufficient notice as to the basis for the allegation of aiding and abetting, which caused unfair surprise and violated his Fifth and Sixth Amendment rights to a fair trial. The court is unclear, however, in what manner defendant could have been unfairly surprised given the Indictment contains express reference to 18 U.S.C. § 2, which provides "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2. The court believes defendant had sufficient notice that he could be convicted as an aider and abettor of the conspiracy.

Even absent an express charge of aiding and abetting in the Indictment, "[a] defendant can be convicted as an aider and abettor even though he was indicted as a principal for commission of the underlying offense and not as an aider and abettor, providing that commission of the underlying offense is also proven." *United States v. Smith*, 838 F.2d 436, 441 (10th Cir. 1988), *cert. denied*, 490 U.S. 1036 (1989); *see also United States v. Holleman*, 575 F.2d 139,

144 (7th Cir. 1978) ("If the trial court determines that the evidence warrants an aiding and abetting instruction, it is immaterial, although preferable, whether Title 18, United States Code, Section 2 is actually charged in the indictment. An aider is punishable as a principal.").

Here, the defendant was charged in the Indictment with conspiracy as a principal and as an aider and abettor. As set forth in more detail below, the government presented sufficient evidence on both theories. At trial, the jury was instructed on both conspiracy (Instruction No. 14) and aiding and abetting (Instruction No. 15). The court finds that Instruction No. 15 did not cause defendant unfair surprise. *United States v. Langston*, 970 F.2d 692, 706 (10th Cir. 1992) ("[B]ecause the jury was instructed on both theories [of conspiracy and aiding and abetting] we should affirm the convictions if the government presented sufficient proof of either the substantive offense or of aiding and abetting.").

### 2. Burden of Proof/Juror Confusion

Defendant contends that Instruction No. 15 erroneously lowered the government's burden of proof because the court gave no special instruction that would indicate whether the jury found him guilty as a principal or as an aider and abettor. Defendant also claims the instruction was confusing, although he provides no explanation or analysis as to why the instruction would have confused or misled the jury.

Instruction No. 15 is nearly identical to Tenth Circuit Pattern Instruction 2.06. The court instructed the jury that the government had to prove "each of the following beyond a reasonable doubt: *First*: someone else committed the charged crime; and *Second*: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about." (Doc. 70 at 19.) Under this instruction, the jury was clearly informed that the government had to prove these two elements beyond a reasonable

doubt.[1] Further, the court sees nothing confusing or misleading about Instruction No. 15, and defendant has failed to show the court otherwise. Instruction No. 15 came from the Tenth Circuit Pattern Instruction and reflected a correct statement of the law. The court did not err in giving Instruction No. 15 to the jury.

### 3. Sufficiency of the Evidence Related to Instruction No. 15

Defendant's final argument regarding Instruction No. 15 is that there was insufficient evidence to show defendant aided and abetted the overall conspiracy. The court disagrees. The government presented the testimony of Patricia Dornbrack, DEA Special Agent Ziesman-Hicks, and KBI Special Agent Hommertzheim, all of whom testified about co-defendants Kingsley, Dornbrack, and Hogan's participation in the conspiracy to distribute methamphetamine. The jury also heard uncontroverted testimony concerning defendant's negotiations with the undercover agents about the price of the methamphetamine the defendants intended to traffic. The government presented evidence sufficient to show that defendant willfully associated with his co-defendants' intent to distribute methamphetamine and participated in some manner to assist the commission of that crime. Accordingly, a reasonable jury could have found the defendant "intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about." Tenth Circuit Criminal Pattern Jury Instruction 2.06; *see also United States v. Anderson*, 189 F.3d 1201, 1207 (10th Cir. 1999) (citation omitted). Instruction No. 15 was appropriately given to the jury, and a rational trier of fact could have found defendant guilty of conspiracy based on an aiding and abetting theory.

---

[1] Additionally, Instruction Nos. 4, 10, 12, and 19 set forth the government's burden of proof as beyond a reasonable doubt. (Doc. 70.)

**B. Sufficiency of the Evidence**

Defendant next argues there was insufficient evidence of his participation in the conspiracy alleged by the government. Defendant claims that the evidence showed only that he bought drugs for personal use, but not that he was participating in an overall conspiracy.

Viewed in the light most favorable to the government, the evidence was sufficient to support finding a conspiracy. To prove a conspiracy, the government was required to show: (1) an agreement to violate the law; (2) defendant's knowledge of the conspiracy's objective; (3) defendant's knowing and voluntary participation; and (4) interdependence. Tenth Circuit Criminal Pattern Jury Instruction 2.19; *see also United States v. Keck*, 643 F.3d 789, 794 (10th Cir. 2011) (citations omitted). At trial, the evidence demonstrated there was an agreement to violate the law by trafficking methamphetamine and that defendants all knew the essential objectives of the conspiracy. While there was no direct evidence of a formal or express agreement, such evidence is unnecessary. *United States v. Whitney*, 229 F.3d 1296, 1301 (10th Cir. 2000) (holding that a conspiracy agreement may be express or implied) (citation omitted).

Defendant claims the government failed to prove that he knowingly and voluntarily participated in the conspiracy. However, defendant's participation in the conspiracy was demonstrated by at least two overt acts. First, the evidence established that defendant purchased four bags of alumbre rock, (Gov't Ex. 2), a substance used to "cut" methamphetamine. The jury could reasonably have inferred that this alumbre rock would be commingled into the group's supply in an attempt to increase the quantity of the methamphetamine.

Second, the defendant negotiated with undercover agents about the terms of the conspiracy—the quantity and price for the sale of methamphetamine. These acts demonstrated that defendant was aware of the agreement to distribute methamphetamine and that defendant

knowingly furthered the conspiracy's objectives—to sell a quarter pound of methamphetamine for $4,200. While defendant may not have known the full scope of the agreement, there was evidence that he knew the conspiracy's objective and that he undertook voluntary acts to further this objective. *United States v. Acosta-Gallardo*, 656 F.3d 1109, 1124 (10th Cir. 2011) (citation omitted).

Defendant also contends the government did not show that the conspirators were interdependent. To establish interdependence, defendant's actions must facilitate the endeavors of other alleged co-conspirators or facilitate the venture as a whole. *United States v. Horn*, 946 F.2d 738, 740-41 (10th Cir. 1991). Interdependence exists where each coconspirator's actions constitute essential and integral steps toward the realization of a common, illicit goal. *United States v. Pulido-Jacobo*, 377 F.3d 1124, 1131 (10th Cir. 2004) (citing *United States v. Carter,* 130 F.3d 1432, 1440 (10th Cir.1997)). Circumstantial evidence can be sufficient to establish interdependence, and a single act can meet the requirement. *United States v. Caldwell*, 589 F.3d 1323, 1329 (10th Cir. 2009) (citations omitted).

In this case, there was evidence of interdependence among the co-conspirators. The government presented evidence that Patricia Dornbrack had close ties to a large methamphetamine distributor, Kurt Kingsley, and that defendant relied on Dornback to obtain drugs at a reduced price. For defendant to receive his share of methamphetamine from Dornback's supplier, defendants had to sell the amount they were fronted, and for this to occur, defendant purchased bags of alumbre rock to "cut" the methamphetamine and negotiated the price with the undercover agents. Defendants worked together for a shared mutual goal, and this defendant undertook essential and integral steps in furtherance of this goal. The court finds the government established that the conspirators were interdependent.

### C. Juror Question No. 1

During deliberations, the jury asked the following question: "Must the jury reach the same verdict on both title 21 and title 18 to reach the overall verdict on Count 1?" (Doc. 71.) The court provided the following response: "The government may prove Count 1 by either using 21 U.S.C. 846 or 18 U.S.C. 2. You should refer to instructions 14 and 15 for the elements required to prove either of these alternatives." (*Id.*) Defendant argues that the court's response invaded the province of the jury as to how the government needed to prove its case. The court disagrees.

The court's response informed the jury it could decide that defendant was guilty as a principal or as an aider and abettor, which is a correct statement of the law. *Langston*, 970 F.2d at 705-06. Furthermore, the court instructed that "[t]o reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment." (Doc. 70, Instruction No. 23.) The court believes that the jury instructions as a whole, and specifically the response to the jury's question, included correct statements of the law and were not otherwise improper. The court did not err by providing this response.

### D. Cumulative Effect

Defendant claims that "the accumulation of the erroneous admission of evidence which should have been excluded and/or the error in instructions" affected his rights in obtaining a fair trial and had a substantial effect on the outcome. (Doc. 95 at 7-8.) Notably, defendant fails to point to a single piece of evidence that the court erroneously admitted.

The government presented evidence that was sufficient to establish beyond a reasonable doubt that defendant was guilty of the conspiracy charged, either as a principal or as an aider and abettor. The jury was properly instructed regarding the law, and after careful consideration, the

jury elected to convict the defendant.   Viewing the evidence in the light most favorable to the government, a reasonable jury found the defendant guilty.  The court denies defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's Motion for Judgment of Acquittal and/or New Trial (Doc. 95) is denied.

Dated this 17th day of April 2014, at Kansas City, Kansas.


          s/ Carlos Murguia
          **CARLOS MURGUIA**
          **United States District Judge**