# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 13-20056-02 (Criminal)** |
| | ) | **15-CV-9473 (Civil)** |
| **KYLE FALKNER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Kyle Falkner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 165). Defendant alleges ineffective assistance of counsel. For the reasons set forth below, the court denies defendant's § 2255 motion.

### I.     Factual Background

Defendant was convicted by a jury of conspiracy to distribute and possession with intent to distribute more than 50 grams of methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846, and 18 U.S.C. § 2. The court imposed a 168-month sentence. Judgment was entered on December 2, 2014. No direct appeal was filed, and defendant filed his § 2255 motion on November 5, 2015.

### II.     Legal Standard

Under 28 U.S.C. § 2255(a), a prisoner in custody has the right to challenge a sentence imposed by the District Court if it is in violation of the Constitution or other law of the United States, or if the sentence imposed was in excess of the maximum authorized by laws. If the court finds that defendant

is being held in violation of federal law, the court "shall vacate and set the judgment aside and shall discharge the [defendant] or resentence him or grant a new trial or correct the sentence . . . ." 28 U.S.C. § 2255(b).

### III.    Ineffective Assistance of Counsel

Defendant alleges that defense counsel failed to explain the charging document and properly inform defendant of the meaning of aiding and abetting under 18 U.S.C. § 2.  Defendant proffers that had he known he could be guilty for being a participant, as opposed to the actual drug dealer or distributor, he would have avoided trial and sought the best plea deal possible.

The Sixth Amendment provides defendants a right to the effective assistance of counsel, and this right "extends to the plea-bargaining process."  *United States v. Watson*, 766 F.3d 1219, 1225 (10th Cir. 2014) (quoting *Lafler v. Cooper*, 566 U.S. 156, 162 (2012)).  When a defendant claims that counsel's deficient performance caused him to reject a plea offer and proceed to trial, he must show "a reasonable probability that a plea offer would have been presented to the court . . . that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed."  *Lafler*, 566 U.S. at 164.

To establish prejudice under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), defendant must begin by proving that a plea agreement was formally offered by the government.  *See United States v. Nguyen*, 619 F. App'x 136, 141 (3d Cir. 2015) (petitioner's claim that he rejected favorable plea offer based on counsel's deficient performance necessarily fails if plea agreement was never formally offered by the government); *United States v. Barajas*, No. 10-20077-02-JWL, 2016 WL 427734, at *1 (D. Kan. Feb. 4, 2016) (denying defendant's original claim after evidence at hearing showed that the government did not extend a formal plea offer).

On March 10, 2017, the court issued a show cause order (Doc. 173) and inquired whether the government had extended a plea offer in defendant's case. The government responded that it had reviewed its case file, and determined that no formal plea agreement was offered to defendant prior to trial. The government referenced the parties' discussions concerning defendant's cooperation with other investigations, but defendant was not interested in providing any information and no agreement was reached.

Although there were plea negotiations conducted between the parties, defendant cannot show that the government offered any formal plea agreement—let alone an agreement for a lesser sentence than defendant received. While defendant states that he would have avoided trial, he does not claim that he would have cooperated with the government by providing it with his co-defendants' supply source(s) and/or his knowledge of other local area drug-trafficking activity. Because defendant cannot show that defense counsel's alleged deficient performance caused him to reject a favorable plea agreement, defendant cannot show prejudice under *Strickland*. *See Barajas*, 2016 WL 427734 at *1 (D. Kan. Feb. 4, 2016). Defendant is not entitled to relief.

An evidentiary hearing is generally not required when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Defendant has not demonstrated that a hearing is necessary to resolve his motion.

The court is mindful of defendant's pro se status and liberally construes his motion. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (explaining that "because [defendant] appears pro se, we must construe his arguments liberally"). Even with this generous review, however, defendant has not shown that reasonable jurists could debate whether his 28 U.S.C. § 2255 motion should be resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, the court declines to issue a certificate of appealability.

   **IT IS THEREFORE ORDERED** that defendant Kyle Falkner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 165) is denied.

   **IT IS FURTHER ORDERED** that a certificate of appealability is denied.

   Dated this 3rd day of April, 2017, at Kansas City, Kansas.


                              s/ Carlos Murguia
                              **CARLOS MURGUIA**
                              **United States District Judge**