IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KYLE FALKNER (02),<br><br>Defendant. | Case No. 13-20056-02-DDC |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Kyle Falkner's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) and request for counsel (Doc. 190). The government filed a Response (Doc. 197). Laquisha Ross, an Assistant Federal Public Defender, entered her appearance (Doc. 192) for Mr. Falkner and filed a Reply (Doc. 211). For reasons explained below, the court dismisses Mr. Falkner's motion for lack of subject matter jurisdiction.

### I.   Background

On May 8, 2013, a grand jury charged Mr. Falkner with knowingly and intentionally conspiring to distribute and possess with intent to distribute more than 50 grams of methamphetamine—violating 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), 846, and 18 U.S.C. § 2. Doc. 30 at 1–2. On December 5, 2013, a jury found Mr. Falkner guilty of that charge. Doc. 72 at 1. The court sentenced him to 168 months' imprisonment and five years supervised release. *See* Doc. 151 at 2–3. He is now serving that sentence at Texarkana FCI. *See* Kyle Falkner, Reg. No. 23112-031, https://www.bop.gov/inmateloc/ (last visited Mar. 17, 2021). Mr. Falkner is set to complete his term of imprisonment on August 27, 2025. *See id.*; *but see* Doc. 211 at 5 n.16 (asserting "Mr. Falkner's release date is June 6, 2025.") (citing Kyle Falkner, Register Number

23112-031, https://www.bop.gov/inmateloc/). He asks the court to modify his sentence due to the risks that the COVID-19 pandemic present to his health in light of his medical conditions. *See* Doc. 190.

### II.     Motion to Appoint Counsel

Mr. Falkner requests counsel to assist him in filing a compassionate release motion. Doc. 190 at 1. After Mr. Falkner filed his motion, Ms. Ross entered her appearance and filed Mr. Falkner's reply. *See* Docs. 195, 211. So, the court finds Mr. Falkner's request for counsel moot and denies it accordingly.

### III.    Exhaustion or Lapse Under 18 U.S.C. § 3582(c)(1)(A)

Section 3582(c)(1)(A) allows the court to modify a sentence on a motion by defendant only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" "In other words, if a warden lets 30 days pass without responding to an inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term." *United States v. Harris*, ___ F. Supp. 3d ___, No. 15-40054-01-DDC, 2020 WL 7122430, at *3 (D. Kan. Dec. 4, 2020) (discussing competing readings of "the lapse of 30 days"). But "if the warden responds to a request within 30 days, defendant must fully exhaust available administrative appeals before filing a motion in district court." *United States v. McIntosh*, No. CR 11-20085-01-KHV, 2020 WL 5747921, at *2 (D. Kan. Sept. 25, 2020), *reconsideration denied*, No. CR 11-20085-01-KHV, 2020 WL 6270918 (D. Kan. Oct. 26, 2020). The statute's requirements are jurisdictional and not waivable. *See United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021).

Here, Mr. Falkner asserts he "submitted a compassionate release to the warden in April, and its been well over 30 days & no response[.]" Doc. 190-1 at 1.; *see also* Doc. 198 at 1. He explained that he was unable to retain a copy of the request because he was held in the Special Housing Unit when he submitted his request. *Id.*

The government argues Mr. Falkner has not shown he has met the exhaustion requirement. Doc. 197 at 9–10. It asserts, "defendant provided no documentation regarding this request and provided no information about the application for compassionate release or the basis on which he asked the warden to grant release." *Id.* at 9. And, it asserts, "[n]one of the materials obtained from BOP and provided to the Federal Public Defender identified any compassionate release request that the defendant submitted to the warden." *Id.* The government continues, "even if the Court credits the defendant's representations, [Mr. Falkner] provides no details or information about the application to the warden to know whether the grounds for which release is now being sought is what was considered by BOP." *Id.* So, the government contends, "this Court is in a position to dismiss [Mr. Falkner's] motion at this time for failure to properly exhaust his available administrative remedies." *Id.* at 10.

Mr. Falkner's reply, filed by counsel, doesn't challenge the government's assertion that BOP has no record of his request for compassionate release or the warden's denial. Doc. 211 at 4–5.[1] Rather, he argues, he submitted his request for compassionate release under difficult circumstances while housed in the Special Housing Unit and it is "unsurprising that BOP has no record of this [compassionate release request] or that a denial was conveyed verbally." *Id.* Mr.

---

[1]   Mr. Falkner also filed a pro se Motion for Extension of Time to File Reply and he asserts he "submit[ed] a compassionate release request to the warden at Terre Haute, IN & got denied. Never got anything back, was just told I didn't qualify being I was a holdover in April. Waiting for more than 30 days to ask court." Doc. 198 at 1. He doesn't assert any information about the contents of his request to the warden. *See id.*

3

Falkner asserts he "submitted his compassionate release to the Warden of Terre Haute eight months ago" and thus the "requisite 30 days have lapsed." *Id.* at 5.[2]  But, he fails to assert any information about the contents of his request to the warden.  *See id.*

Mr. Falkner, as the moving party, must establish jurisdiction for the court to consider his request for compassionate release.  *See Poutre*, 834 F. App'x at 474 (Tenth Circuit case "thus require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction"). The court recognizes the difficulties Mr. Falkner faced when submitting his request to the warden.  But even crediting all of Mr. Falkner's allegations, he has not alleged sufficient facts to establish he satisfied § 3582(c)(1)(A)'s exhaustion or lapse requirement.

In determining whether § 3582(c)(1)(A)'s exhaustion requirement is met, our court has reasoned "that a request to the warden need not be identical in detail or specificity to the motion made in court" but "there 'must be a reasonable degree of overlap which gives the BOP a fair opportunity to consider whether to make the motion on the defendant's behalf.'"  *United States v. Burgoon*, No. 07-20072-05-JWL, 2020 WL 7396914, at *2 (D. Kan. Dec. 17, 2020) (quoting *United States v. Knight*, No. 1:15-CR-393, 2020 WL 4059886, at *2)).  The Tenth Circuit followed this line of reasoning in *United States v. Gieswien* when it affirmed dismissal of defendant's motion for compassionate release for failure to exhaust under § 3582(c)(1)(A).  832 F. App'x 576, 577–78 (10th Cir. 2021).  The Circuit concluded defendant's "request to the

---

[2]     Mr. Falkner cites two cases and argues they support his assertion that courts "found that defendants have made the requisite request in cases where BOP was unable to locate said request."  Doc. 211 at 5 n.14 (first citing Mem. and Order, *United States v. Jefferson*, No. 1:00-cr-00437-EGS (D.D.C. Oct. 28, 2020), ECF No. 113 (finding § 3582(c)(1)(A)'s exhaustion requirement met based on defendant's assertion he submitted a petition for relief when BOP refused to confirm or deny whether defendant submitted a petition); then citing *United States v. Trent*, No. 16-CR-00178-CRB-1, 2020 WL 1812214, at *1 (N.D. Cal. Apr. 9, 2020) (finding exhaustion based on defendant's assertion he submitted a request to the warden because it "is based on direct knowledge rather than failure to confirm the existence of a filing")).  But, neither case addresses the substance of defendants' request to the warden or whether defendants exhausted the issues raised in their compassionate release motions to the court.

warden did not include COVID-19 as a reason for compassionate release" so, he "failed to meet the statute's exhaustion requirements and his COVID-19 justification was properly dismissed." *Id.* (citing *United States v. Springer*, 820 F. App'x 788, 791–92 (10th Cir. 2020)).

Here, Mr. Falkner provides no information allowing the court to discern the issues he presented to the warden in his request for compassionate release. *See* Docs. 190, 198, 211. The court cannot infer from Mr. Falkner's filings whether there was a "reasonable degree of overlap" between his request to the warden and his motion in this court. *See Burgoon*, 2020 WL 7396914, at *2. So, the court cannot determine whether Mr. Falkner satisfied the exhaustion or lapse requirement of § 3582(c)(1)(A). Thus, the court dismisses his motion for lack of subject matter jurisdiction.

## IV.   Conclusion

As the moving party, Mr. Falkner failed to show he satisfies § 3582(c)(1)(A)'s exhaustion or lapse requirement. So, the court lacks subject matter jurisdiction to consider his Motion for Compassionate Release (Doc. 190) and thus dismisses it.

**IT IS SO ORDERED.**

**Dated this 19th day of March, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
